**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **GARY WHITE** | **CASE NO. 6:24-CV-00990** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **GENERAL MOTORS LLC** | **MAGISTRATE JUDGE WHITEHURST** |

**ORDER and REASONS**

Before the Court is a Motion for Summary Judgment filed by Defendant General Motors LLC. [ECF No. 37]. Pursuant to its motion, Defendant seeks dismissal of all claims brought against it by Plaintiff Gary White. Plaintiff did not file a response to the motion, and the motion is therefore deemed unopposed.[1] For the reasons that follow, the motion is GRANTED.

According to the Petition filed by Plaintiff, on June 17, 2023, while driving his 2019 GMC Sierra eastbound on Chemin Metairie Parkway in Youngsville, Louisiana, both the driver and passenger airbags of the vehicle deployed without any collision or apparent reason.[2] Plaintiff asserts the airbags' sudden and unexpected deployment caused him to lose consciousness, after which the vehicle left the roadway and ultimately collided with a sugarcane pulley cart in a field.[3] Plaintiff brings claims under the Louisiana Products Liability Act ("LPLA"), LA. STAT. ANN. § 9:2800.51, *et seq*., as well as claims for negligence and misrepresentation.[4] Defendant now seeks dismissal of Plaintiff's suit, arguing that because Plaintiff has no expert testimony to support his product liability claims, Plaintiff cannot sustain his burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.

---

[1] *See* ECF No. 38.
[2] ECF No. 1-1 at 4.
[3] *Id.* at 4–5.
[4] *Id.* at 5–8.

The LPLA establishes four exclusive theories of product liability: (1) the product's construction or composition is defective, (2) the product's design is defective, (3) the product's warnings are inadequate, or (4) the product does not conform to an express warranty made by the manufacturer.[5] Here, Plaintiff fails to establish a genuine issue of material fact regarding a defect in construction or composition because he has not pointed to any evidence in the record that the vehicle "deviated in a material way from the manufacturers specifications or performance standards for the product."[6] Plaintiff has presented no evidence establishing Defendant's specifications or performance standards, or how the GMC Sierra in this case differed from them. Plaintiff has also failed to establish a genuine issue of material fact regarding a design defect because he has not presented evidence of an alternative, feasible design.[7] Further, he has presented no evidence that any alleged composition or design defect existed when the vehicle left Defendant's control.[8] Plaintiff fails to establish a genuine issue of material fact regarding the product's alleged inadequate warnings, because he has not pointed to evidence showing "the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product."[9] Plaintiff has failed to establish a genuine issue of material fact regarding breach of an express warranty, because he fails to identify any representations amounting to specific promises about the vehicle's safety.[10] Finally, because the LPLA provides the exclusive

---

[5] LA. STAT. ANN. § 9:2800.54(B); *see also Van Winkle v. Rogers*, 82 F.4th 370, 381 (5th Cir. 2023); LA. STAT. ANN. § 9:2800.52 ("This Chapter establishes the exclusive theories of liability for manufacturers for damage caused by their products. A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in this Chapter.").

[6] LA. STAT. ANN. § 9:2800.55; *see also Underwood v. Gen. Motors, L.L.C.*, 642 Fed.Appx. 468, 471 (5th Cir. 2016).

[7] LA. STAT. ANN. § 9:2800.56.

[8] *Id.* § 9:2800.54(C).

[9] *Id.* § 9:2800.57(A).

[10] *Id.* § 9:2800.58.

theories of liability for manufacturers, Plaintiff cannot bring claims for negligence and misrepresentation.[11] Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment [ECF No. 37] is GRANTED, and all claims asserted by Plaintiff in this matter are DISMISSED with prejudice.

THUS DONE in Chambers on this 28th day of August, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[11] LA. STAT. ANN. § 9:2800.52; *see also Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 262 (5th Cir. 2002).